■ LORRAINE DESROCHES, Appellant, v. JOHN DESROCHES, Respondent.— *Per Curiam.* Appeal from an order of the Supreme Court at Special Term which vacated a prior order of the same court adjudging the respondent husband guilty of contempt, constituted by his willful disobedience of the provision of a judgment of divorce entered in 1961 in Schenectady County, directing weekly payments by the husband for the support of his children; the Special Term decision stating that plaintiff has not denied the assertion that she petitioned the Family Court of Schenectady County "for the purpose of obtaining from defendant payments due under the divorce decree" and that the Family Court "has jurisdiction of this support proceeding and * * * that the matter should be heard in that Court where it is now pending." The appeal came to us in a procedural snarl of some complexity (see, e.g., 23 A D 2d 601) and upon a record which is not completely informative; but it now sufficiently appears that appellant first instituted a proceeding in the Family Court, by petition made explicitly "pursuant to the provisions of the Uniform Support of Dependents Law of the State of New York" (Domestic Relations Law,

§§ 30–43; Family Ct. Act, § 411 *et seq.*), the petition containing no reference to the divorce judgment (cf. Forms Family Ct., form 4-26) and demanding " an order for support directed to said Respondent compelling him to furnish such support as shall be deemed fair and reasonable ". About three weeks after respondent's appearance, in obedience to a summons, in the Family Court in Schenectady, appellant commenced this contempt proceeding in the Supreme Court. Of course, the basic jurisdiction of the Supreme Court to enforce its own decrees in this area survived the creation of the Family Court. (N. Y. Const., art. VI, §§ 7, 13, subd. b, par. [4]; Family Ct. Act, §§ 114, 466, subd. [b].) The decree of the Supreme Court may itself provide, however, for its enforcement or modification only by the Family Court. (Family Ct. Act, § 466, subd. [a].) If the decree does not, pursuant to subdivision (a), delegate to the Family Court exclusive jurisdiction, or does not, pursuant to subdivision (b), proscribe the exercise of any jurisdiction by the Family Court, the latter court " may * * * entertain " an application for enforcement or modification under subdivision (c) of section 466. (See, also, Family Ct. Act, § 461, subd. [b].) As above indicated, appellant's petition was for support generally and not, in terms at least, for enforcement of the decree. It has been held by the Appellate Division of the Second Department that when there is extant a Supreme Court judgment or order awarding alimony, the Family Court may not entertain any support proceeding except one brought under subdivision (c) to enforce or modify the judgment or order (*Matter of Palmore* v. *Palmore,* 19 A D 2d 845); but we are not required, in this case, to consider the question thus resolved by another Appellate Division, or to explore independently the problem of construction there presented. Upon this record and the history of this litigation, it is clear to us that the interests of justice and the dictates of orderly procedure alike require the disposition of the application to enforce at Special Term. Order appealed from modified, on the law and the facts and in the interests of justice, defendant's default opened and matter remitted to Special Term, Schenectady County, for hearing and determination upon the merits, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.